[No. 5269.]
[No. 2898 C. A.]

The Board of County Commissioners of Hinsdale County v. The Board of County Commissioners of Mineral County.

**Counties—Judgments—Res Judicata.**

In an action by one county against another county, which had been created from a part of the former's territory, to re-

cover that portion of the indebtedness apportionable to the former under the provisions of the act creating the latter, a judgment was entered specifically defining the boundaries, which question alone was determined, and then reciting that the cause was dismissed without prejudice to plaintiff's right to sue defendant for an apportionment of the valid indebtedness agreeable to the county lines as fixed by the findings of the court in such proceeding, so long as such findings should remain in force. Held, that, in a new action brought for an apportionment of the indebtedness, such judgment is conclusive as to the boundary lines.—P. 436.

*Error to the District Court of the City and County of Denver.*

*Hon. Frank T. Johnson, Judge.*

Action by the board of county commissioners of the county of Hinsdale against the board of county commissioners of the county of Mineral. From a judgment for defendant, plaintiff brings error.

*Affirmed.*

Mr. G. D. Bardwell, for plaintiff in error.

Mr. Albert L. Moses, for defendant in error.

On the 12th day of August, 1893, Hinsdale county commenced an action against Mineral county to recover that portion of the indebtedness of Hinsdale county that was apportionable to Mineral county under the provisions of the act creating the latter, approved March 27, 1893. The principal question involved and determined in that action was the true boundary line between these counties, thereby defining what territory formerly belonged to Hinsdale county that was included in the new county, and upon which taxation should be imposed for the payment of its relative proportion of the original indebtedness of Hinsdale county. The case was tried on that issue, and resulted in a judgment and finding that specifically defined the boundaries between the counties.

The court further found that there was no evidence upon which it could apportion to Mineral county its share of Hinsdale's indebtedness upon the territory which, by the boundaries as established, was taken from Hinsdale and included in Mineral county. And thereupon it offered an opportunity to plaintiff to produce evidence as to the valuation of the territory which the court found to have been included within the boundary lines as established. After consideration, counsel for plaintiff announced its unwillingness to offer further proof, stating that "the main or pivotal question to be determined was as to the boundary lines, and that, after that question had been fully determined, the question of indebtedness could be settled in that or another suit brought for the purpose." And thereupon the court rendered judgment, which contained, *inter alia,* the following:

"It is therefore considered by the court that this cause be and the same hereby is dismissed without prejudice to plaintiff's right to institute and maintain a suit against defendant for an apportionment of its, Hinsdale's, valid indebtedness to Mineral county, agreeable to the county lines as fixed and determined by the findings of the court in these proceedings, so long as such said findings shall be and remain in force, and that the defendant have and recover of and from the plaintiff its costs in this behalf laid out and expended to be taxed."

This judgment was affirmed by the supreme court in *Mineral County v. Hinsdale County,* 25 Colo. 95. The present action was brought September 24, 1898, by filing a complaint containing the same averments as to the amount claimed, and presenting the same issues that were presented by the former complaint.

For answer, the defendant pleaded, first, the record in the former suit, to show that the paramount

and most important issue between the parties had been judicially determined therein, and concluded thereby; second, the invalidity of a portion of the indebtedness sued for; third, an offset; fourth, a counterclaim of the judgment for costs in the former action.

A general demurrer was interposed to each of these defenses, and overruled. Plaintiff electing to stand by its demurrer, judgment was entered in favor of defendant for costs. To this judgment, plaintiff prosecutes a writ of error.

Mr. JUSTICE GODDARD delivered the opinion of the court:

From the foregoing statement, it will be seen that the main or pivotal question, to wit, the establishment of the boundary lines between the plaintiff and defendant counties, was settled and determined by the judgment rendered in the former action, and that the only question left open for future litigation was the amount of Hinsdale's valid indebtedness apportionable to Mineral county, "agreeable to the county lines as fixed and determined by the findings of the court." On the former appeal, this court approved the findings of the district court, and affirmed the judgment as rendered in all particulars.

In these circumstances, the plaintiff will not be permitted to ignore the express limitations imposed by the former judgment, and open up anew the entire litigation; but must, if it desires to avail itself of the privilege accorded to institute a new action, confine the issues to the particular matter left open and undetermined in the former suit. Instead of doing this, the complaint herein is practically the same as the former. It presents the same issues, and seeks to recover the same amount that was sought to be recovered in the former proceeding. It evidences a mani-

fest intent on the part of plaintiff to reopen the entire controversy. That the first answer, therefore, was not amenable to demurrer, is too plain for controversy, and we think that the record as therein set out should be held to bar the maintenance of the present action, unless plaintiff shall conform to the views above expressed.

This conclusion renders it unnecessary to notice the errors assigned upon the overruling of the demurrers to the other answers. The judgment of the court below is affirmed.                    *Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE BAILEY concur.